IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SOILO URIAS | § | |
| v. | § | CIVIL ACTION NO. 5:09cv130 |
| DAVID HUDSON, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Soilo Urias, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Urias complained about an administrative lockdown which was conducted in May of 2009. He alleged that the lockdown was imposed without probable cause and possibly out of retaliation; he could not attend religious services while the lockdown was ongoing; he was confined to his cell and denied outside recreation; he had to pack his property and carry it to the gym despite his medical restrictions; the inmates were strip searched in the gym in full view of everyone; and, the living areas and showers are not cleaned while the lockdown is going on, a process of some three to four weeks. He sued three unit wardens and one building major at the Telford Unit of TDCJ.

The Defendants were ordered to answer and did so. The parties were directed to file motions for summary judgment. After review of the pleadings, the Magistrate Judge issued a Report on July 16, 2010, recommending that the Defendants' motion for summary judgment be granted. The Magistrate Judge carefully analyzed each of Urias' claims and determined that the Defendants were

1

entitled to judgment as a matter of law. Urias filed objections to the Magistrate Judge's Report on July 26, 2010.

In his objections, Urias states that he did not have to file a response to the Defendants' motion for summary judgment because he filed a motion for summary judgment of his own and "he is not the respondent." He asserts, in a vague fashion, that "the defendants are not providing the evidence he requested," although he does not make clear what evidence he is requesting or how it would matter in his case. Urias also argues that the Defendants are responsible for the totality of the conditions in the prisons, and so even if they are not personally responsible, they should be held liable, apparently under a theory of supervisory liability.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint and pleadings, the motions for summary judgment and competent summary judgment evidence submitted by the parties, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 22) is hereby GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 17th day of August, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE